# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH J. SWANK, | Case No. 2:22-cv-1111 |
| Plaintiffs, | State Court Case No. G.D. 22-000745 |
| v. | **NOTICE OF REMOVAL** |
| CNA LONGTERM CARE and CONTINENTAL CASUALTY COMPANY, | Electronically Filed |
| Defendants. | |

## NOTICE OF REMOVAL

TO:   **CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

PLEASE TAKE NOTICE that Defendants, CNA Longterm Care[1] and Continental Casualty Company (collectively the "CNA Defendants"), hereby remove Case No. G.D. 22-000745 from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. The grounds for removal are as follows:

## THE STATE COURT ACTION

1.   Plaintiff Elizabeth Swank ("Plaintiff") filed her Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania styled as *Elizabeth J. Swank, Plaintiff v. CNA Longterm Care and Continental Casualty Company, Defendants*, Docket No. G.D. 22-000745 (the "State Court Action"). True and correct copies of the Summons and Complaint are attached hereto at **Exhibit "A"** (without exhibits).

2.   The Complaint states that Plaintiff is a citizen of the Commonwealth of Pennsylvania. See **Exhibit "A"** at ¶ 1.

---

[1] CNA Longterm Care is a nonexistent entity and has been improperly named as a defendant in this matter.

3. The Complaint states that the CNA Defendants are citizens of Illinois. See **Exhibit "A"** at ¶ 2-3.

4. The Complaint arises out of an alleged denial of benefits under a long-term care insurance policy issued by Continental Casualty Company to Plaintiff. See **Exhibit "A"** at ¶ 6-18.

5. The Complaint alleges that the CNA Defendants should pay Plaintiff the amount of $48,000 in actual damages. See **Exhibit "A"** at ¶ 6-18; 19-22.

6. The Complaint also alleges that the Plaintiff is entitled to receive damages for ongoing incurring expenses, statutory interest, statutory punitive damages, statutory treble damages and statutory attorney's fees. See **Exhibit "A"** at ¶ 23-31.

7. As discussed below, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a), since this is a civil action between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Thus, removal is proper on the basis of diversity under 28 U.S.C. §§1441 (a), (b) and 28 U.S.C §1446.

A. **Diversity of Citizenship**

8. Plaintiff is a citizen of the Commonwealth of Pennsylvania. See **Exhibit "A"** at ¶ 1.

9. A corporation is a citizen of the state in which it is incorporated and in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).

10. CNA Longterm Care is not an entity; but, it is nonetheless alleged in the Complaint that it is a citizen of Illinois. See **Exhibit "A"** at ¶ 2.

11. Continental Casualty Company is a corporation organized and existing under the laws of the State of Illinois with its principle place of business and "nerve center" in Illinois. It is,

therefore, a citizen of Illinois.  Plaintiff's Complaint also alleges that Continental Casualty Company is a citizen of Illinois.  See **Exhibit "A"** at ¶ 3.

12. Thus, there is (and was at the time the Complaint was filed) complete diversity of citizenship between Plaintiff and the CNA Defendants.  28 U.S.C. § 1332(a)(1).

**B.  Amount in Controversy**

13. The amount of controversy is the amount claimed by the plaintiff, if made in good faith, "unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'"  *Henderson v. Nationwide Mut. Ins. Co.*, 169 F. Supp. 2d 365, 368 (E.D. Pa. 2001) (citing *Orndorff v. Allstate Insurance Co.,* 896 F.Supp. 173, 175 (M.D.Pa.1995)).

14. "[T]he question whether a plaintiff's claims pass the 'legal certainty' standard is a threshold matter that should involve the court in only minimal scrutiny of the plaintiff's claims.'" *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (quoting *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997)).

15. Aggregation of claims is appropriate for purposes of establishing the jurisdictional minimum when a single plaintiff joins all of its claims against a single defendant or jointly liable multiple defendants.  *See Government of Virgin Islands v. Sun Island Car Rentals, Inc.*, 819 F.2d 430, 432 (3rd Cir. 1987).

16. The amount claimed by a plaintiff and aggregated for purposes of determining the amount in controversy for removal includes actual damages and "attorney's fees, costs, interest and punitive damages" if pleaded, so long as they are remedies actually available to a successful plaintiff under the statutory cause of action pleaded.  *Id*. (citing *Suber v. Chrysler Corp.,* 104 F.3d 578, 585 (3d Cir.1997)).

17. When assessing the amount in controversy, the Court must consider Plaintiff's request for damages. The amount in controversy is determined by "a reasonable reading of the value of the rights being litigated," rather than "the low end of an open ended claim." *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) (citations omitted).

18. Although Plaintiff quantifies her alleged reimbursements in the amount of $48,000, the amount that she has placed in controversy actually materially exceeds $75,000, exclusive of interest and costs, because Plaintiff seeks, *inter alia*, these actual damages ($48,000) *plus* statutory attorney's fees, punitive damages and trebling of damages arising from the CNA Defendants' denial of her benefits. See **Exhibit "A"** at ¶ 19-31.

19. As discussed below, each of these putative categories of relief must be aggregated by the Court in furtherance of the $75,000 threshold.

C. **Past Policy Benefits**

20. According to Plaintiff's Complaint, she is seeking past policy benefits in the amount of $48,000. See **Exhibit "A"** at ¶ 18; 22.

21. Her actual damages are, therefore, at least $48,000.

22. Moreover, Plaintiff is also seeking ongoing incurred expenses.

D. **Statutory Attorney's Fees**

23. Plaintiff's Complaint includes a claim for bad faith under 42 Pa. C.S. § 8371 (Count II) and a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (Count III) at 73 P.S. § 201. **Exhibit "A"** at ¶ 23-31.

24. Attorney's fees are permitted under 42 Pa. C.S. § 8371. 42 Pa. Stat. and Cons. Stat. Ann. § 8371 (West) ("In an action arising under an insurance policy, if the court finds that the

4

insurer has acted in bad faith toward the insured, the court may take all of the following actions: . . . (2) Assess court costs and attorney fees against the insurer.").

25. Attorney's fees are permitted under 73 Pa. Stat. Ann. § 201-9.2 as well. 73 Pa. Stat. Ann. § 201-9.2 (West) ("The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.").

26. Between the anticipated preparation of and response to initial pleadings, court appearances, fact finding, discovery (including, but not limited to, multiple depositions, review of medical records and written discovery requests), expert retention, motion practice, and trial, a reasonable estimation of the time that Plaintiff's counsel will spend prosecuting this matter would likely exceed 500 hours, perhaps by a significant margin. Thus, an award of attorneys' fees sought by Plaintiff, in and of itself, would be likely to exceed the $75,000 jurisdictional limit, even before it is aggregated with the other measures of relief sought in the Complaint and discussed in this Notice.

**E. Statutory Punitive Damages**

27. Again, Plaintiff's Complaint includes a claim for bad faith under 42 Pa. C.S. § 8371 (Count II). **Exhibit "A"** at ¶ 23-27.

28. Punitive damages are permitted under 42 Pa. C.S. § 8371. 42 Pa. Stat. and Cons. Stat. Ann. § 8371 (West) ("In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: . . . (2) Award punitive damages against the insurer.").

29. "[C]laims for punitive damages, alone, . . . 'will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of plaintiff's

claim is below the statutory minimum.'" *Diehl v. CSX Transportation, Inc.*, 349 F. Supp. 3d 487, 495 (W.D. Pa. 2018) (quoting *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008)).

30. Thus, regardless of whether any punitive damages award was aggregated with Plaintiff's actual damages award or other remedies sought, the Court should find that the statutory punitive damages, alone, place more than $75,000 at issue in this litigation for purposes of removal.

### F. Treble Damages

31. Again, Plaintiff's Complaint includes a claim for a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (Count III) at 73 P.S. § 201. **Exhibit "A"** at ¶ 28-31.

32. Treble damages are permitted under 73 Pa. Stat. Ann. § 201-9.2. 73 Pa. Stat. Ann. § 201-9.2 (West) ("The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper.").

33. Given that Plaintiff may therefore be entitled to an award of up to three times her alleged actual or compensatory damages of $48,000, her damages would easily materially exceed the $75,000 threshold even in the absence of any other category of damages.

### G. Removal is Timely

34. Removal is timely if filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . .[.]" 28 U.S.C. § 1446(b)(1).

35. Although the CNA Defendants deny that they have been properly served with the Complaint, in the interest of caution, this application is being submitted within 30 days from the

date identified on the Certificate of Service appended to the Complaint, which indicates that Plaintiff's Complaint was served via e-mail and U.S. First Class Mail on July 1, 2022.[2] **Exhibit "A."**

## CONCLUSION

**WHEREFORE**, Defendants hereby remove this action now pending against them in the Court of Common Pleas of Allegheny County to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division.

Date:  July 29, 2022

Respectfully submitted:

COZEN O'CONNOR

By: /s/ *Matthew D. Clyde*
Matthew D. Clyde, Esquire (PA Id. #314136)
Michael D. Rafalko, Esquire
Kathryn Rivera, Esquire

ONE OXFORD CENTRE
301 GRANT STREET, 41ST FLOOR
Pittsburgh, PA 15219
T:  412.620.6517
F:  412-275-2351

Attorney for Defendants,
CNA LONG-TERM CARE (improperly pleaded)
and CONTINENTAL CASUALTY COMPANY

---

[2] It is presently unknown who at Continental Casualty Company was in fact served, whether they were authorized to accept service on behalf of the company and whether service by e-mail and U.S. First Class Mail was legally sufficient.

## **CERTIFICATE OF SERVICE**

I, hereby certify that a copy of the foregoing Notice of Removal was served on the following counsel of record on **July 29, 2022**, via *electronic mail* and **First Class U.S. Mail,** postage prepaid:

Corey A. Leon, Esquire
Leon's Law PLLC
1303 Irwin Street
Aliquippa, PA 15001
Ph. (724) 249-4287
Nleon88.cl@gmail.com

*Counsel for Plaintiff, Elizabeth J. Swank*


*/s/ Matthew D. Clyde*
Matthew D. Clyde, Esquire